**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

# 13 CV 0223

| | |
|---|---|
| **ROOMSTER CORP., SLANGWHO, INC.,**<br>**JOHN S. SHRIBER, and ROMAN ZAKS,**<br><br>          **Plaintiffs,**<br><br>    **v.**<br><br>**SERGUEI ALEXANDRE**<br>**TCHEREVKOFF,**<br><br>          **Defendant.** | **Civil Action No.** _____<br><br>JAN 1 0 2013<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Roomster Corp., Slangwho Corp., John S. Shriber, and Roman Zaks (collectively, "Plaintiffs"), by and through their undersigned attorneys, hereby complain against Defendant Serguei Alexandre Tcherevkoff as follows:

### INTRODUCTION

1.      Defendant Serguei Alexandre Tcherevkoff ("Tcherevkoff") is a former friend of Mr. Shriber and a former employee of Slangwho.

2.      After both relationships ended in early 2012, Tcherevkoff devised a plan. He would break into Slangwho's offices, illegally access company computers, and steal confidential company documents and private personal information belonging to Slangwho's employees. He would then erase his tracks and use the fruits of his theft and the threat of a lawsuit to extort an equity share in Slangwho to which he would not have otherwise been entitled.

3.      Tcherevkoff's deceit exceeded his technological skill: Tcherevkoff left a digital trail. As set forth in greater detail below, a forensic examination of two company computers returned by Tcherevkoff, which he had unsuccessfully attempted to wipe clean, revealed the

- 1 -

theft, alteration and/or destruction of thousands of proprietary, confidential, and/or personal computer files.

4.     What's more, the forensic examination revealed direct and incontrovertible evidence of his scheme: Tcherevkoff had documented the specific methods by which he would accomplish his unlawful objective. This documentation was discovered on one of the computers returned by Tcherevkoff, and a copy is annexed hereto as Exhibit A.

5.     Tcherevkoff accessed both Plaintiffs' offices and their proprietary, confidential, and/or personal computer files after he had been terminated—and had in writing confirmed his termination—by Slangwho. Tcherevkoff's access to these computers files was therefore both unlawful and unauthorized.

6.     This lawsuit seeks not only to compensate Plaintiffs for the damages caused by Tcherevkoff, but to prevent the irreparable harm and injury that will result if Tcherevkoff's possession of Plaintiffs' computer files is not enjoined.

7.     In support of this Complaint, Plaintiffs show as follows.

## JURISDICTION AND VENUE

8.     This Court has subject-matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 because this civil action arises under the laws of the United States. (*See* 18 U.S.C. §§ 1030 and 2701.) This Court has subject-matter jurisdiction of Plaintiffs' common law claims pursuant to 28 U.S.C. § 1367(a).

9.     Venue lies in this judicial district pursuant to 28. U.S.C. §§ 1391(b)(1) and (b)(2). Upon information and belief Tcherevkoff resides within this judicial district. Furthermore, a substantial portion of the events that give rise to Plaintiffs' claims occurred within this judicial district.

### THE PARTIES

10.     Plaintiff Roomster Corp. ("Roomster") is a corporation organized under the laws of the State of New York. Roomster's principal place of business is located at 258 West Broadway, Suite 320, New York, New York 10013.

11.     Plaintiff Slangwho, Inc. ("Slangwho") is a corporation organized under the laws of the State of New York. Slangwho's principal place of business is located at 258 West Broadway, Suite 320, New York, New York 10013.

12.     Plaintiff John S. Shriber ("Mr. Shriber") is a resident of the State of New York. Mr. Shriber is a co-owner and co-founder of Roomster. He is also a co-owner and co-founder of Slangwho.

13.     Plaintiff Roman Zaks ("Mr. Zaks") is a resident of the State of New York. Mr. Zaks is a co-owner and co-founder of Roomster. He is also the co-owner and co-founder of Slangwho.

14.     Defendant Serguei Alexandre Tcherevkoff ("Tcherevkoff") is a resident of the State of New York. Upon information and belief, Tcherevkoff resides at the home of his parents, which is located at 15 W. 24th Street, Apt. PH, New York, New York 10010.

### FACTUAL ALLEGATIONS

A.     **Roomster and Slangwho**

15.     Roomster is an internet company that provides roommate matching services to roommate-seekers both in the United States and in numerous countries around the world.

16.     Mr. Shriber and Mr. Zaks co-founded Roomster in early 2003. Mr. Shriber and Mr. Zaks each own 50% of the shares of Roomster.

17. Slangwho is a start-up internet technology company. Slangwho is a social search engine. Its users determine the content and the order of the content of its search results.

18. Mr. Shriber and Mr. Zaks co-founded Slangwho in 2007. Mr. Shriber and Mr. Zaks each own 50% of Slangwho's shares. Over the past 5 years, Mr. Shriber and Mr. Zaks have been working to develop the functionality of Slangwho.

**B.** **Tcherevkoff's Employment with Slangwho**

19. Tcherevkoff was employed by Slangwho from 2009 until 2012.

20. On or about April 13, 2012, Tcherevkoff sent a text message to Mr. Shriber in which Tcherevkoff stated that he was quitting his employment for Slangwho.

21. Mr. Shriber replied by text message that he accepted Tcherevkoff's resignation.

22. Tcherevkoff subsequently changed his mind and informed Mr. Shriber that he would like to remain at Slangwho.

23. Mr. Shriber rejected Tcherevkoff's request and confirmed that Tcherevkoff's termination was final and effective. Mr. Shriber also told Tcherevkoff that he was no longer welcome at Slangwho's offices.

24. On April 27, 2012, Mr. Shriber and Mr. Zaks met with Tcherevkoff in person. They reiterated to Tcherevkoff that he had been terminated and presented him with a Termination and Release prepared by Slangwho's attorneys.

25. Tcherevkoff confirmed his receipt of the Termination and Release in an email dated April 30, 2012. A copy of this email is annexed hereto as Exhibit B. In the same email, Tcherevkoff also acknowledged that he no longer worked for Slangwho.

**C.**     **Plaintiffs Suspect Unauthorized Access to Their Offices and Computer Systems**

26.     Following the Memorial Day holiday in May 2012, Roomster and Slangwho employees noticed that several items were missing from the companies' offices. The missing items included several computers, video cameras, and other computer accessories.

27.     Additionally, several employees became aware of alterations to the company's computer systems.

28.     As a result of these events, Plaintiffs became increasingly concerned that someone had unauthorized access to their offices and computer systems; Plaintiffs changed the offices' locks.

29.     On July 20, 2012, Tcherevkoff returned two company computers to Plaintiffs' offices. When Mr. Shriber inspected the computers, he noticed all data had been erased and a new operating system had been installed. At the time, Mr. Shriber was not concerned. Nevertheless, the computers were retained in a secure location and were not used.

30.     In September 2012, Kenneth Sussmane ("Sussmane"), Tcherevkoff's attorney, sent a lengthy letter to Plaintiffs' attorney. The letter claimed that Tcherevkoff was entitled to an unrestricted grant of 20% of Slangwho's stock. Sussmane threatened legal action if Tcherevkoff's demands were not met.

31.     By virtue of the letter's contents, Mr. Shriber was certain that Tcherevkoff had obtained unauthorized and unlawful access to Plaintiffs' confidential and proprietary documents and Mr. Shriber's personal emails.

32.     Mr. Shriber endeavored to validate his suspicions and brought the two computers returned by Tcherevkoff to Kroll Ontrack ("Kroll"), a well-regarded provider of forensic services.

D.     **Plaintiffs' Suspicions Are Confirmed**

33.     Kroll's investigation confirmed Plaintiffs' suspicions.

34.     Kroll was able to salvage documents and data that Tcherevkoff had attempted to delete. Among the thousands of files Kroll was able to retrieve, Kroll discovered:

> (a)     proprietary and confidential company documents, including documents pertaining to Roomster's customers, vendors, and affiliates;
>
> (b)     confidential email communications, including privileged communications between Mr. Shriber and the company's attorneys;
>
> (c)     documents containing other commercially sensitive and/or proprietary information;
>
> (d)     hundreds of personal pictures belonging to Mr. Shriber; and
>
> (e)     personal financial information belonging to Mr. Shriber.

35.     Kroll was also able to retrieve the proverbial "smoking gun." In this document, written by Tcherevkoff himself, Tcherevkoff identified the cyber-crimes he intended to commit and the methods by which he intended to commit them. Additionally, Kroll found three programs used to extract and erase data.

36.     In light of the evidence uncovered by Kroll, Plaintiffs contend that Tcherevkoff:

> (a)     Illegally and without authorization entered Plaintiffs' offices and accessed, copied, erased, and/or tampered with files on various office computers;
>
> (b)     Illegally and without authorization obtained remote access to Mr. Shriber's corporate email account using a web-based log-in; and
>
> (c)     Destroyed physical and computer files in Plaintiffs' offices

## CLAIMS FOR RELIEF

37.     Based on the foregoing allegations, Plaintiffs assert the following causes of action against Tcherevkoff.

<u>COUNT I</u>

**Violations of the Computer Fraud and Abuse Act**
**18 U.S.C. §§ 1030 *et seq.***

38.     Plaintiffs repeat the allegations set forth in Paragraphs 1 through 37 above and incorporate them by reference as if fully set forth herein.

39.     Pursuant to 18 U.S.C. § 1030(g) of the Computer Fraud and Abuse Act ("CFAA"), any person who suffers damages or loss pursuant to the statute has the right to initiate a civil action for compensatory damages and injunctive or other equitable relief.

40.     The computers belonging to Plaintiffs (the "Computers") are used in and affect interest and foreign commerce. The Computers are also used in and affect interstate and foreign communications, including communications with employees, customers, and affiliates both within and outside of the United States. The Computers therefore constitute "protected computers" as defined by 18 U.S.C. § 1030.

41.     Tcherevkoff intentionally accessed the protected Computers without authorization and/or in a manner that exceeded his authorized access and (i) has thereby unlawfully obtained information from the protected Computers and/or (ii) has thereby knowingly caused the transmission of commands to delete valuable emails and texts from the protected Computers. By these actions, Tcherevkoff has caused damage to the protected Computers and to Plaintiffs.

42.     Tcherevkoff's unauthorized access to the protected Computers was in furtherance of one or more tortious acts in violation of applicable law.

43.     As a result of Tcherevkoff's unlawful conduct, Plaintiffs were required to retain Kroll OnTrack to investigate and remediate Tcherevkoff's unauthorized access to the "protected" Computers. Plaintiffs were therefore forced to incur substantial investigation and remediation

expenses as a result of Tcherevkoff's unlawful conduct. These expenses constitute "damages" as defined by the CFAA.

44.     Additionally, Tcherevkoff's unlawful conduct has caused economic and other damages in an amount to be determined at trial.

45.     Plaintiffs' damages, including the investigational expenses described above, exceed the CFAA's $5,000 statutory threshold.

46.     Furthermore, Plaintiffs will continue to suffer damages unless Tcherevkoff is affirmatively compelled to destroy or otherwise relinquish the confidential, proprietary and/or private data and documents that Tcherevkoff improperly and unlawfully obtained.

47.     As a result of the foregoing conduct, Tcherevkoff is liable to Plaintiffs in an amount to be determined at trial on the merits of this action.

## COUNT II

### Violations of Stored Communications Act
### 18 U.S.C. §§ 2701 et seq.

48.     Plaintiffs repeat the allegations set forth in Paragraphs 1 through 37 above and incorporate them by reference as if fully set forth herein.

49.     Pursuant to 18 U.S.C. § 2701(a), a party is liable for violating the Stored Communications Act ("SCA") if he "(1) intentionally accesses without authorization a facility through which an electronic communication is provided; or (2) intentionally exceeds an authorization to access that facility" and "thereby obtains, alters or prevents authorized access to a wire or electronic communication while it is in electronic storage."

50.     Tcherevkoff violated the SCA by intentionally and without authorization accessing the facility through which Plaintiffs' electronic communications were provided and/or by intentionally exceeding his authority to access that facility. Through these actions,

Tcherevkoff obtained, and/or altered Plaintiffs' access to, Plaintiffs' private electronic communications.

51.     As a result of Tcherevkoff's unlawful conduct, Plaintiffs sustained actual damages in an amount to be determined at trial.

52.     Furthermore, because Tcherevkoff's violation was willful and intentional, Plaintiffs are entitled to receive punitive damages. The Court is also entitled to assess against Tcherevkoff the costs of the action together with Plaintiffs' reasonable attorney's fees. *See Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F. Supp. 2d 548, 555 (S.D.N.Y. 2008).

## COUNT III

### Misappropriation of Trade Secrets

53.     Plaintiffs repeat the allegations set forth in Paragraphs 1 through 37 above and incorporate them by reference as if fully set forth herein.

54.     Under the common law, Roomster's customer lists, affiliates lists, and proprietary commercial data constitute trade secrets owned by Roomster, Mr. Shriber, and Mr. Zaks.

55.     Plaintiffs had developed their trade secrets over a number of years, and the trade secrets gave Plaintiffs a commercial advantage over competitors who did not have access to the information. Additionally, Plaintiffs undertook all appropriate measures to protect their trade secrets.

56.     Through the actions described above, Tcherevkoff misappropriated those trade secrets in breach of a duty or as a result of discovery by improper means.

57.     As a result of Tcherevkoff misappropriation of their trade secrets, Plaintiffs have suffered and may continue to suffer actual damages in an amount to be proven at trial.

58.     Furthermore, unless Tcherevkoff is affirmatively required to destroy and/or relinquish the misappropriated trade secrets, Plaintiffs will suffer irreparable harm.

## COUNT IV

### Trespass to Chattels

59.     Plaintiffs repeat the allegations set forth in Paragraphs 1 through 37 above and incorporate them by reference as if fully set forth herein.

60.     The common law prohibits the intentional intermeddling with personal property in possession of another that results in the deprivation of the use of the personal property or impairment of the personal property's condition, quality or usefulness.

61.     Without their authorization or consent, or, in the alternative, by willfully exceeding the limits of his authorized access, Tcherevkoff dispossessed Plaintiffs of valuable data and documents and impaired the condition, quality and usefulness of their computers.

62.     Tcherevkoff's acts constitute an intentional interference with Plaintiffs' data and computers and have damaged Plaintiffs in an amount to be determined at trial.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs Slangwho, Inc., Roomster Corp., John S. Shriber and Roman Zaks demand judgment against Tcherevkoff as follows:

(a)     Compensatory damages in an amount to be determined at a trial on the merits of this action but in no event less than $5,000.00;

(b)     Punitive damages in an amount to be proven at trial;

(c)     An Order enjoining Tcherevkoff from using, publishing or otherwise disclosing any of Plaintiffs' computer files that he unlawfully and without authorization obtained;

(d)     An Order compelling Tcherevkoff to certify that he has destroyed or otherwise returned all of Plaintiffs' computer files that he unlawfully and without authorization obtained;

(e)     An Order awarding Plaintiffs their reasonable attorneys' fees, costs, and disbursements incurred in connection with this proceeding;

(f)     An Order granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b)(1) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: New York, New York
January 10, 2013

GREENBERG TRAURIG, LLP

Eric N. Whitney
Daniel I.A. Smulian
The MetLife Building
200 Park Avenue, 39th Floor
New York, New York 10166
(212) 801-9200
WhitneyE@gtlaw.com
SmulianD@gtlaw.com

*Attorneys for Plaintiffs Roomster Corp.,
Slangwho, Inc., John S. Shriber, and
Roman Zaks*

# EXHIBIT A

To Get:

Erase Inventory Files from buse computer
JSS password is molly shriber?
Search JSS emails
Download Zanes Computer for craigslist evidence

Record termination meeting and get audio for:
1.      Firing Date
2.      admit to lying to world pay
3.      admit i was an employee  how?
4.      admit no other "financial deals" I need to worry about  ref; the NOTE
5.


Roomster:

Ashley Larson is a fake person
William M. Johnson is a fake person (as in letters sent to BBB)

Look thru office videos to see what is incriminating Craiglist

How not incriminate myself?

Get the DA's office involved in craigslist or class action law suit?

Photos:  if I have photos of jss that I obtained thru him giving me is hard drive is that legal for me to
keep them?

Promise of millions (also to jane)

health insurance issue

non competet allowed to work anywhere and do anything

# EXHIBIT B

**Sasha Alexandre Tcherevkoff** 
To: John S. Shriber
Cc: Roman Zaks
Update

April 30, 2012 5:39 PM
Hide Details
Inbox - slangwho



6 Attachments, 16 KB    Save ▼    Quick Look

Hi Guys,

A quick update for you. I'm back tomorrow late afternoon and plan on reviewing the doc's onThursday (with colette all day Wednesday). But in the meantime I have removed John's credit card from my cell phone account and the Spotify account. You will no longer be billed for any expenses. I have removed my Slangwho title and email in my signature from all my emails and am using my consilium as my new default email. I'll update most of my social media profiles over the next few days to reflect that I am no longer working at the company and I started some of it this afternoon.

Also, when you can please send me the doc's via email so I can review them this week. I want to get this done quick and easy so we can all move forward. Thnx all


Sasha A. Tcherevkoff

e. sasha@consilium-ventures.com
e. sasha@popburger.com
e. sashatkoff@gmail.com

c. 917.554.1135


