UNITED STATE DISTRICIT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROOMSTER CORP., SLANGWHO,INC.,
JOHN S SHRIBER and ROMAN ZAKS,

               Plaintiffs,

          - against -

SERGUIE ALEXANDRE TCHEREVKOFF,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 13 CV 0223(VM)

**AMENDED ANSWER AND COUNTERCLAIM**

Defendant Serguie Alexandre Tcherevkoff ("Tcherevkoff" or "Defendant") , by his attorneys, McCue Sussmane & Zapfel, P.C., for his Amended Answer and Counterclaim herein alleges as follows:

       1.    Defendant denies each and every allegation contained in Paragraph 1 of the Complaint.

       2.    Defendant denies each and every allegation contained in Paragraph 2 of the Complaint.

       3.    Defendant denies each and every allegation contained in Paragraph 3 of the Complaint.

       4.    Defendant denies each and every allegation contained in Paragraph 4 of the Complaint.

       5.    Defendant denies each and every allegation contained in Paragraph 5 of the Complaint.

       6.    Defendant denies each and every allegation contained in Paragraph 6 of the Complaint.

7.      Paragraph 7 contains no factual allegations.

8.      Paragraph 8 contains no factual allegations

9.      Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint, except Defendant admits he is a resident of the State of New York.

15.     Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies each and every allegation contained in Paragraph 18 of the Complaint.

19.     Defendant denies each and every allegation contained in Paragraph 19 of the Complaint.

20.     Defendant denies each and every allegation contained in Paragraph 20 of the Complaint.

21.     Defendant denies each and every allegation contained in Paragraph 21 of the Complaint.

22.     Defendant denies each and every allegation contained in Paragraph 22 of the Complaint.

23.     Defendant denies each and every allegation contained in Paragraph 23 of the Complaint.

24.     Defendant denies each and every allegation contained in Paragraph 24 of the Complaint.

25.     Defendant denies each and every allegation contained in Paragraph 25 of the Complaint, except Defendant admits that he sent the email, and refers to such email for its content.

26.     Defendant denies each and every allegation contained in Paragraph 26 of the Complaint.

27.     Defendant denies each and every allegation contained in Paragraph 27 of the Complaint.

28.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies each and every allegation contained in Paragraph 29 of the Complaint, except Defendant admits that he returned two computers.

30.     Defendant denies each and every allegation contained in Paragraph 30 of the Complaint, except Defendant admits that such letter was sent and refers to the letter for its content.

31.     Defendant denies each and every allegation contained in Paragraph 31 of the Complaint, except Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Mr. Shriber's beliefs.

32.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies each and every allegation contained in Paragraph 33 of the Complaint,

34.     Defendant denies each and every allegation contained in Paragraph 34 of the Complaint, except Defendant admits that in the course of his services performed for Roomster and Slangwho, he received from Roomster and Slangwho and Shriber proprietary, confidential and sensitive company documents, email communications and personal information pertaining to Roomster and Slangwho and Shriber, including personal pictures transmitted to  Defendant by Mr. Shriber.

35.     Defendant denies each and every allegation contained in Paragraph 34 of the Complaint.

36.     Defendant denies each and every allegation contained in Paragraph 36 of the Complaint.

4

37.     Paragraph 37 contains no factual allegations.

38.     Defendant denies  each and every allegation contained in Paragraph 38 of the Complaint, except as specifically admitted above.

39.     Paragraph 39 contains no factual allegations and Defendant refers to the statute for its terms.

40.     Defendant denies  each and every allegation contained in Paragraph 40 of the Complaint,

41.     Defendant denies  each and every allegation contained in Paragraph 41.

42.     Defendant denies  each and every allegation contained in Paragraph 42 of the Complaint.

43.     Defendant denies  each and every allegation contained in Paragraph 43 of the Complaint.

44.     Defendant denies  each and every allegation contained in Paragraph 44 of the Complaint.

45.     Defendant denies  each and every allegation contained in Paragraph 45 of the Complaint.

46.     Defendant denies  each and every allegation contained in Paragraph 46 of the Complaint,

47.     Defendant denies  each and every allegation contained in Paragraph 47 of the Complaint.

48.     Defendant denies  each and every allegation contained in Paragraph 48 of the Complaint, except as specifically admitted above.

49.     Paragraph 49 Defendant denies  each and every allegation contained in Paragraph 49 of the Complaint.

50.     Defendant denies  each and every allegation contained in Paragraph 50 of the Complaint.

51.     Defendant denies  each and every allegation contained in Paragraph 51 of the Complaint.

52.     Defendant denies  each and every allegation contained in Paragraph 52.

53.     Defendant denies  each and every allegation contained in Paragraph 53 of the Complaint, except as specifically admitted above.

54.     Defendant denies  each and every allegation contained in Paragraph 54 of the Complaint.

55.      Defendant denies  each and every allegation contained in Paragraph 55 of the Complaint.

56.      Defendant denies  each and every allegation contained in Paragraph 56 of the Complaint.

57.      Defendant denies  each and every allegation contained in Paragraph 57 of the Complaint.

58.      Defendant denies  each and every allegation contained in Paragraph 58 of the Complaint

59.     Defendant denies  each and every allegation contained in Paragraph 59 of the Complaint, except as specifically admitted above.

60.     Defendant denies each and every allegation contained in Paragraph 60 of the Complaint.

61.     Defendant denies each and every allegation contained in Paragraph 60 of the Complaint.

62.     Defendant denies each and every allegation contained in Paragraph 60 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

63.     The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

64.     Plaintiff's causes of action are barred in whole or in part due to Plaintiff's unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

65.     Plaintiff's causes of action, to the extent are stated, are barred by documentary evidence.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

66.     Count II fails to state a claim because 18 U.S.C. ¶2701 et. seq. does not provide for a private cause of action.

## FIRST COUNTERCLAIM

67.     Plaintiffs maliciously instituted this suit for the purpose of disseminating false and defamatory statements about Tcherevkoff to damage Tcherevkoff's personal and business reputation and business interests.

7

68.    On or about January 10, 2013, Shriber maliciously sent an unsolicited copy of the Complaint to the *New York Post* to attempt to stimulate press coverage of the defamatory statements about Tcherevkoff.

69.    On or about January 10, 2013, Shriber maliciously posted a copy of the Complaint to an online website that can be viewed by anyone on the internet.

70.    On or about January 10, 2013, Shriber maliciously posted a link to such website on "Twitter.com."

71.    On or about January 10, 2013, Shriber maliciously posted an announcement regarding this action on "Facebook.com" that can be viewed by anyone using Facebook.

72.    On or about January 11, 2013, Shriber sent emails and Facebook messages to dozens of individuals, including important business associates, trade members, friends and family members  of Tcherevkoff, which emails and messages included false statements, copies of the Complaint, and/or a link to the website containing the Complaint.  .

73.    Shriber published such statements individually and as an agent of Roomster Corp. ("Roomster") and Slangwho, Inc. ("Slangwho")

74.    Shriber knew that Tcherevkoff was a founder and 20% shareholder of Slangwho and an employee of Roomster and that his employment had been terminated on April 27, 2012.

75.    Shriber knew that Tcherevkoff remains a 20% shareholder of Slangwho to this date.

76.     The false statements made by Shriber included and were not limited to:

a.      Tcherevkoff did not own an equity interest in Slangwho;

b.      Tcherevkoff engaged in an unlawful plan to extort an equity share in Slangwho to which he was not entitled;

c.      Tcherevkoff broke into Slangwho's offices, illegally accessed company computers, stole confidential documents and information, and destroyed physical and computer files in Slangwho's offices;

d.      Tcherevkoff stole several computers, video cameras and other computer accessories from the Slangwho offices;

e.      Tcherevkoff made alterations to and damaged the computer systems of Slangwho and Roomster; and

f.      Tcherevkoff blackmailed Shriber

77.     Shriber knew the statements were false.

78.     Shriber knew that his false and defamatory statements would impugn the basic integrity of Tcherevkoff.

79.     Shriber's false statements have impugned the basic integrity of Tcherevkoff and his reputation.

80.     Tcherevkoff has been damaged as the result of the false statements.

81.     By reason of the publications by Shriber, Roomster and Slangwho, Tcherevkoff has sustained injury to his reputation and standing.

82.     Tcherevkoff is entitled to damages from Shriber in an amount to be proven at trial plus exemplary damages in an amount sufficient to deter future misconduct.

WHEREFORE, Tcherevkoff respectfully requests that judgment be granted as follows:

A.  On the first counterclaim, awarding damages to Tcherevkoff against Shriber, Roomster and Slangwho in an amount to be proven at trial, but in no event less than $15,000,000, plus punitive damages in an amount sufficient to deter future misconduct.

B. Dismissing the Complaint,

C. Awarding such other and further relief as this Court deems just and proper, including legal fees, costs and disbursements, and interest on the foregoing.

Dated:        April 9, 2013
              New York, New York


                              MCCUE SUSSMANE & ZAPFEL, P.C.

                              _____/Kenneth Sussmane/_____
                              Kenneth Sussmane (SK 9301)
                              Attorneys for Defendant
                              521 Fifth Avenue, 32nd Floor
                              New York, New York 10175
                              (212) 931-5500

To:
Daniel I.A. Smulian
Greenberg Traurig LLP
200 Park Avenue  39th Floor
New York, New York 10166
(212) 801-9200